## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LEMAR THOMAS, JR., <br> 2535 Southern Avenue S.E. #24 <br> Washington D.C. 20020 <br> 202-878-5937 / 202-221-0724 <br><br> *Plaintiff*, <br><br> v. <br><br> AMERICA'S HEALTHCARE AT HOME, INC., <br> 220 W Germantown Pike, Suite 250, <br> Plymouth Meeting, PA 19462 <br><br> *Defendant*. | CASE NO. 1:23-cv-02584 |

## NOTICE OF REMOVAL

Defendant America's Healthcare at Home, Inc., ("Defendant") hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Superior Court of the District of Columbia, Civil Division, in which it is now pending at Case No. 2023 CAB 002501 (the "Underlying Action"), to the United States District Court for the District of Columbia, and states as follows:

### I. INTRODUCTION

1. On April 28, 2023, Plaintiff Lamar Thomas Jr. ("Plaintiff") filed a complaint in the Superior Court of the District of Columbia, Civil Division, Case No. 2023 CAB 002501 (the "Complaint"), attached as **Exhibit A, Complaint**.

2. Pursuant to 28 U.S.C. § 1446(a), the Complaint and all other process, pleadings, and/or orders that have been served on Defendant in this litigation as of the date of this filing are attached.

3.      By filing a Notice of Removal, Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendant specifically reserves its right to assert any defenses and objections to which it is entitled.

## II.    FACTUAL BACKGROUND

4.      Plaintiff alleges that he was a customer of Defendant from 2018 to 2021 and that as a result of using a Continuous Positive Airway Pressure ("CPAP") device (the "Device") which became subject to a products recall in 2021,[1] he suffered "health problems," including "mental stress," and "physical pain."  Ex. A at 4.

5.      Plaintiff demands $100,000 in damages.  Ex. A at 18.

## III.   GROUNDS FOR REMOVAL

6.      Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

7.      This court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

---

[1] Upon information and belief, the Device is a Philips CPAP device subject to a June 14, 2021, recall notification for many of its CPAP and BiPAP devices and a number of its ventilator devices. *See* https://www.usa.philips.com/healthcare/e/sleep/communications/src-update.

      a.   <u>There is complete diversity among the parties.</u>

8. Diversity jurisdiction "require[s] complete diversity of citizenship," *i.e.*, "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

      i.   <u>Plaintiff is a Citizen of the District of Columbia.</u>

9. An individual is a citizen of the state in which he or she is domiciled. *See Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014).

10. The District of Columbia is considered a "state" for diversity jurisdiction purposes. *See* 28 USC § 1332(e) ("The word 'States', as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.").

11. Residence alone is not the equivalent of citizenship, but the place of residence is evidence of domicile there. *VCT Plc* 59 F. Supp. 3d at 126 ("Indicia of domiciliary status may include a person's current residence[.]").

12. Plaintiff states that he resides in Washington D.C. Ex. A at 4. There are no facts present in the Complaint that suggest Plaintiff is a citizen of any other state other than Washington D.C.

13. Therefore, because his residence is evidence of citizenship, Plaintiff is a citizen of Washington D.C.

      ii.   <u>Defendant is a citizen of Pennsylvania and Delaware.</u>

14. Defendant is a Delaware corporation with its principal place of business at 220 W Germantown Pike, Suite 250, Plymouth Meeting, PA 19462.

15. For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

16. Accordingly, because Defendant is a citizen of both Pennsylvania and Delaware, it is diverse from Plaintiff.

      iii. <u>There is complete diversity between the parties.</u>

17. Thus, based on the foregoing, there is complete diversity between the parties.

    b. <u>The amount in controversy requirement is satisfied.</u>

18. Plaintiff demands $100,000 in damages. Ex. A at 18.

19. Therefore, there is explicitly more than $75,000 in controversy. *See* 28 U.S.C. § 1332(a).

**IV.**   <u>**VENUE**</u>

20. This lawsuit may be removed to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

21. The United States District Court for the District of Columbia is the federal judicial district encompassing the Superior Court of the District of Columbia, Civil Division, where this suit was originally filed. 28 U.S.C § 88.

22. On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order, consolidating related class action cases and individual personal injury cases like this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania, before the Honorable Joy Flowers Conti (the "MDL") for coordinated or consolidated pretrial proceedings. **Exhibit B, Transfer Order**.

23. Upon information and belief this case is related to the MDL and thus, it should be transferred to the MDL following removal.

**V.**   <u>**NOTICE OF REMOVAL IS TIMELY**</u>

24. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after

receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

25. Upon information and belief, Defendant was served on August 8, 2023.

26. Therefore, Defendant has filed its notice of removal within 30 days of service consistent with 28 U.S.C. § 1446(b)(2)(B).

27. Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to pursuant to 28 U.S.C. § 1446(c)(1).

## VI. CONSENT

28. Each properly joined and served defendant consents to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2).

## VII. PROCEDURE

29. Written notice of the filing of the Notice of Removal will be promptly served on all other parties to this action and a copy will promptly be filed with the Superior Court of the District of Columbia, Civil Division, as required by 28 U.S.C. § 1446(d).

30. Included with this Notice of Removal is the filing fee required by 28 U.S.C. § 1914.

## VIII. CONCLUSION

Defendant respectfully removes this action from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | */s/ Joseph V. Schaeffer*  |
|  | Joseph V. Schaeffer (DC Bar # 1520900) |
| Dated:  September 6, 2023 | Babst, Calland, Clements and Zomnir, P.C. |
|  | Two Gateway Center, 6th Floor |
|  | Pittsburgh, PA 15222 |
|  | 412.394.5499 (ph) |
|  | 412.394.6576 (fax) |
|  | jschaeffer@babstcalland.com |
|  | *Attorneys for Defendant America's Healthcare at Home, Inc* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2023, a true and exact copy of the foregoing document was served through the court's CM/ECF system, via first class mail, and via email as follows:

Lemar Thomas Jr.
2535 Southern Avenue S.E. #24
Washington D.C. 20020
202-878-5837
Lemar3985@gmail.com

*Plaintiff, Pro Se*

                                               */s/Joseph V. Schaeffer*
                                               Joseph V. Schaeffer (DC Bar # 1520900)